

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

UNITED STATES DISTRICT C
CENTRAL DISTRICT OF CALI
WESTERN DIVISION
312 North Spring Street, Room G-
Los Angeles, CA 90012
Tel: (213) 894-3535

08CV2131
JUDGE DARRAH
MAG. JUDGE BROWN

Santa Ana, CA 92701-4516
(714) 338-4750

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**FILED**
J.N  APR 1 5 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

April 3, 2008

Clerk, United States District Court
Northern District of Illinois
Federal Bldg
211 South Court Street
Rockford, IL 61101

Re:   Transfer of our Civil Case No.   LACV 08-00223 AHM (AGRx)

Case Title:   Henry's Holding, LLC v. Private Management Group

Dear Sir/Madam:

An order having been made transferring the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with certified copies of the order and the docket. Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office. Thank you for your cooperation.

```
You may access this database at our
website: http:///ecf.cacd.uscourts.gov.
Please use your Court's Pace Account and
Password to access all documents.
```

Very truly yours,
SHERRI R. CARTER

Clerk, U.S. District Court

By _____ J. Lam (213) 894-7982 _____
Deputy Clerk

cc:   All counsel of record

========================================================================

### TO BE COMPLETED BY RECEIVING DISTRICT

Receipt is acknowledged of the documents described herein and we have assigned this matter case number CV: _____.

Clerk, U.S. District Court

By _____
Deputy Clerk

CV-22 (01/01)      TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT

08CV2131
JUDGE DARRAH
MAG. JUDGE BROWN

(AGRx), CLOSED, DISCOVERY, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:08-cv-00223-AHM-AGR

Henry's Holding, LLC v. Private Management Group
Assigned to: Judge A. Howard Matz
Referred to: Magistrate Judge Alicia G. Rosenberg
Cause: 15:1051 Trademark Infringement

Date Filed: 01/14/2008
Date Terminated: 03/24/2008
Jury Demand: None
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

**Plaintiff**

**Henry's Holding, LLC** represented by **Edward R Schwartz**
Christie Parker & Hale LLP
350 W Colorado Boulevard Suite 500
P O Box 7068
Pasadena, CA 91109-7068
626-795-9900
Email: ers@cph.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Private Management Group** represented by **Clyde DeWitt**
Weston Garrou & DeWitt
12121 Wilshire Blvd, Ste 900
Los Angeles, CA 90025-1176
310-442-0072
Email: clydedewitt@wgdlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas D Rosenwein**
Gordon Glickman Flesch and Rosenwein
140 South Dearborn Street Suite 404
Chicago, IL 60603
312-346-1080
Email: trosenwein@lawggf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*



| Date Filed | # | Docket Text |
|---|---|---|
| 01/14/2008 | 1 | COMPLAINT against Defendant Private Management Group. (Filing fee $ 350 PAID.), filed by plaintiff Henry's Holding, LLC.(ghap) Additional attachment(s) added on 1/18/2008 (lra, ). (Entered: 01/17/2008) |
| 01/14/2008 |  | 20 DAY Summons Issued re Complaint - (Discovery)1 as to Defendant Private Management Group. (ghap) (Entered: 01/17/2008) |
| 01/14/2008 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff Henry's Holding, LLC. (ghap) Additional attachment(s) added on 1/18/2008 (lra, ). (Entered: |

| | | |
|---|---|---|
| | | 01/17/2008) |
| 01/14/2008 | 3 | CORPORATE DISCLOSURE STATEMENT filed by Plaintiff Henry's Holding, LLC. (ghap) Additional attachment(s) added on 1/18/2008 (lra, ). (Entered: 01/17/2008) |
| 01/14/2008 | | FAX number for Attorney Edward R Schwartz is 626-577-8800. (ghap) (Entered: 01/17/2008) |
| 01/14/2008 | 4 | REPORT ON THE FILING OF AN ACTION Regarding a Patent or a Trademark (Initial Notification) filed by Henry's Holding, LLC. (jp) (Entered: 01/17/2008) |
| 01/18/2008 | 5 | NOTICE OF MOTION AND MOTION for Preliminary Injunction re: use of trademark filed by Plaintiff Henry's Holding, LLC. Motion set for hearing on 2/11/2008 at 10:00 AM before Judge A. Howard Matz. (Schwartz, Edward) (Entered: 01/18/2008) |
| 01/18/2008 | 6 | NOTICE OF MOTION re MOTION for Preliminary Injunction re: use of trademark5 filed by Plaintiff Henry's Holding, LLC. Motion set for hearing on 2/11/2008 at 10:00 AM before Judge A. Howard Matz. (Schwartz, Edward) (Entered: 01/18/2008) |
| 01/18/2008 | 7 | MEMORANDUM in Support of MOTION for Preliminary Injunction re: use of trademark5 filed by Plaintiff Henry's Holding, LLC. (Schwartz, Edward) (Entered: 01/18/2008) |
| 01/18/2008 | 8 | DECLARATION of Donald G. Alvarado in support of MOTION for Preliminary Injunction re: use of trademark5 filed by Plaintiff Henry's Holding, LLC. (Schwartz, Edward) (Entered: 01/18/2008) |
| 01/18/2008 | 9 | DECLARATION of Edward R. Schwartz in support of MOTION for Preliminary Injunction re: use of trademark5 filed by Plaintiff Henry's Holding, LLC. (Attachments: # 1 Exhibit A thru I)(Schwartz, Edward) (Entered: 01/18/2008) |
| 02/08/2008 | 10 | EX PARTE APPLICATION to Continue Hearing of Motion For Preliminary Injunction from 02/11/08 filed by Defendant Private Management Group. (Attachments: # 1 Proposed Order Continuing Hearing of Plaintiff's Motion For a Preliminary Injunction# 2 Declaration of Thomas D. Rosenwein# 3 Declaration of Janet Carriger)(DeWitt, Clyde) (Entered: 02/08/2008) |
| 02/08/2008 | 11 | PROOF OF SERVICE Executed by Plaintiff Henry's Holding, LLC, upon Private Management Group served on 1/17/2008, answer due 2/6/2008. The Summons and Complaint were served by Personal service service, by Federal Rules of Civil Procedure statute, upon J. Carriger, Office Manager/Authorized Agent. Due Dilligence declaration NO. Original Summons returned. (Attachments: # 1 Issued Summons)(Schwartz, Edward) (Entered: 02/08/2008) |
| 02/08/2008 | 12 | STIPULATION to Continue Hearing from February 11, 2008 Re: MOTION for Preliminary Injunction re: use of trademark5 filed by Plaintiff Henry's Holding, LLC. (Attachments: # 1 Proposed Order)(Schwartz, Edward) (Entered: 02/08/2008) |
| 02/11/2008 | 13 | REQUEST for Clerk to Enter Default against Defendant Private Management Group filed by Plaintiff Henry's Holding, LLC. (Attachments: # 1 Exhibit 1)(Schwartz, Edward) (Entered: 02/11/2008) |
| 02/12/2008 | 14 | MINUTES OF IN CHAMBERS ORDER held before Judge A. Howard Matz : re: Stipulation to Continue12. In light of the parties stipulation and Defendant Private Management Groups ex parte application for an order continuing the hearing on Plaintiff Henrys Holdings, LLCs motion for preliminary injunction, the Court hereby ORDERS that the hearing be continued to March 10, 2008 at 10:00 am. Defendant shall file its opposition papers by not later than February 25, 2008, and Plaintiff shall file its reply papers by not later than March 3, 2008. (smo) (Entered: 02/12/2008) |
| 02/14/2008 | 15 | STIPULATION to Continue Time in Which Defendant Must File a Pleading in Response to the Complaint from 2/08/08 to 2/19/08 filed by Defendant Private Management Group. (Attachments: # 1 Proposed Order To Continue Time in Which |

| | | |
|---|---|---|
| | | Defendant Must File a Pleading in Response to the Complaint)(DeWitt, Clyde) (Entered: 02/14/2008) |
| 02/15/2008 | 17 | ORDER by Judge A. Howard Matz granting defendant Private Management Group extension for answer due 2/19/2008 by Judge A. Howard Matz (se) (Entered: 02/19/2008) |
| 02/19/2008 | 16 | DEFAULT BY CLERK ENTERED as to Defendant Private Management Group. (jp) (Entered: 02/19/2008) |
| 02/19/2008 | 18 | NOTICE OF MOTION AND MOTION to Dismiss Case , *Transfer or Stay* filed by Defendant Private Management Group.Motion set for hearing on 3/10/2008 at 10:00 AM before Judge A. Howard Matz. (Attachments: # 1 Proposed Order Granting Motion to Dismiss, Transfer or Stay# 2 Memorandum of Points and Authorities in Support of Motion to Dismiss, Transfer or Stay - PART 1# 3 Memorandum of Points and Authorities in Support of Motion to Dismiss, Transfer or Stay - PART 2# 4 Memorandum of Points and Authorities in Support of Motion to Dismiss, Transfer or Stay - PART 3# 5 Declaration of Thomas D. Rosenwein in Support of Motion to Dismiss, Transfer or Stay)(DeWitt, Clyde) (Entered: 02/19/2008) |
| 02/22/2008 | 19 | APPLICATION OF NON-RESIDENT ATTORNEY Thomas D. Rosenwein for Leave to Appear Pro Hac Vice. FEE PAID. filed by Defendant Private Management Group. (Attachments: # 1 Order on Application of Non-Resident Attorney to Appear in a Specific Case)(DeWitt, Clyde) (Entered: 02/22/2008) |
| 02/25/2008 | 20 | OPPOSITION to MOTION for Preliminary Injunction re: use of trademark 5 filed by Defendant Private Management Group. (Attachments: # 1 Exhibit Docket Entry) (DeWitt, Clyde) (Entered: 02/25/2008) |
| 02/27/2008 | 21 | MINUTES OF IN CHAMBERS ORDER RE ELECTRONIC FILING held before Judge A. Howard Matz (se) (Entered: 02/27/2008) |
| 02/29/2008 | 22 | REPLY in support of MOTION for Preliminary Injunction re: use of trademark 5 *Plaintiff's Reply in Support of its Motion For a Preliminary Injunction* filed by Plaintiff Henry's Holding, LLC. (Schwartz, Edward) (Entered: 02/29/2008) |
| 03/03/2008 | 23 | STIPULATION to Continue hearing from March 10, 2008 to March 24, 2008 filed by Plaintiff Henry's Holding, LLC. (Attachments: # 1 Proposed Order)(Schwartz, Edward) (Entered: 03/03/2008) |
| 03/03/2008 | 24 | OPPOSITION to MOTION to Dismiss Case , *Transfer or Stay* 18 filed by Plaintiff Henry's Holding, LLC. (Attachments: # 1 Exhibit A)(Schwartz, Edward) (Entered: 03/03/2008) |
| 03/03/2008 | 25 | OPPOSITION to MOTION to Dismiss Case , *Transfer or Stay* 18 filed by Plaintiff Henry's Holding, LLC. (Attachments: # 1 Exhibit A)(Schwartz, Edward) (Entered: 03/03/2008) |
| 03/03/2008 | 26 | ORDER CONTINUING HEARING by Judge A. Howard Matz that the hearing on Plaintiff's MOTION for Preliminary Injunction 5 and on Defendant's MOTION to Dismiss , *Transfer or Stay* 18 is continued from 3/10/2008 to 3/24/2008 at 10:00 AM. (jp) (Entered: 03/04/2008) |
| 03/19/2008 | 27 | ORDER by Judge A. Howard Matz Granting APPLICATION OF NON-RESIDENT ATTORNEY Thomas D. Rosenwein for Leave to Appear Pro Hac Vice. FEE PAID. 19 by Thomas D. Rosenwein to appear on behalf of Defendant Private Management Group. Clyde DeWitt is designated as local counsel. Fee paid. (se) (Entered: 03/19/2008) |
| 03/24/2008 | 28 | MINUTES OF Motion Hearing held before Judge A. Howard Matz: (1) PLAINTIFFS MOTION for Preliminary Injunction re: use of trademark 6; (2) DEFENDANTS MOTION to Dismiss, *Transfer or Stay* 18. Court circulates tentative order and hears oral argument. For reasons and findings stated on the record, the Court grants PMGs motion to dismiss, transfer or stay, TRANSFERS this action to the Northern District of |

| | | |
|---|---|---|
| | | Illinois and DENIES as moot Henrys Holdings motion for preliminary injunction. Order to issue. Court Reporter: Cindy Nirenberg. (jp) Modified on 4/2/2008 (jp). (Entered: 03/25/2008) |
| 03/24/2008 | 29 | MINUTES OF IN CHAMBERS before Judge A. Howard Matz: GRANTING MOTION to Dismiss, *Transfer or Stay* 18, TRANSFERS this action to the Northern District of Illinois, Rockford and DENIES as moot Henry's Holdings MOTION for Preliminary Injunction 5. Certified copy of the transfer order and docket sheet sent. (MD JS-6. Case Terminated.) (Attachments: # 1 CV-22 Transmittal Letter - Transfer Out) (jp) (Entered: 04/03/2008) |
| 03/24/2008 | 30 | REPORT ON THE DETERMINATION OF AN ACTION Regarding a Patent or Trademark. (Closing). (Attachments: # 1 Civil Minute - General) (jp) (Entered: 04/03/2008) |
| 04/03/2008 | | DOCUMENT number 30, Patent Report deleted for the following reason: wrong event used.(rb) (Entered: 04/03/2008) |
| 04/03/2008 | | TRANSMITTAL of documents - mailed Certified copy of Minute Order Transfer with the civil docket sheet to the USDC, Northern District of Illinios, Rockford. (jp) (Entered: 04/03/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/03/2008 13:50:24 | | | |
| PACER Login: | us3877 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:08-cv-00223-AHM-AGR |
| Billable Pages: | 4 | Cost: | 0.32 |

Case 2:08-cv-00223-AHM-AGR   Document 29   Filed 03/...

| | | 08CV2131 |
|---|---|---|
| UNITED STATES DISTRICT COURT | | JUDGE DARRAH |
| CENTRAL DISTRICT OF CALIFORNIA | | MAG. JUDGE BROWN |

**CIVIL MINUTES - GENERAL**

Case No.  CV 08-00223 AHM (AGRx)                                      Date   March 24, 2008

Title   HENRY'S HOLDING, LLC v. PRIVATE MANAGEMENT GROUP

Present: The Honorable  A. Howard Matz

| Stephen Montes | N/A | | 0136 |
|---|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

Attorneys Present for Plaintiffs:                     Attorneys Present for Defendants:

            No Appearance                                               No Appearance

**Proceedings:**        In Chambers

    The Court GRANTS Defendant Private Management Group's ("PMG") motion to dismiss, transfer or stay and TRANSFERS this action to the Northern District of Illinois for the following reasons:

(1) On April 9, 2007, PMG filed an action in the United States District Court for the Northern District of Illinois, *Private Management Group v. Wild Oats Markets, Inc. et al*, CV 07-01934 (N.D. Ill. 2007) ("Illinois Action"), more than nine months before Plaintiff Henry's Holdings, LLC ("Henry's Holdings") filed this action against PMG on January 14, 2008.

(2) The two actions involve the same parties and issues. In addition, Henry's Holdings does not dispute that its claims in this action are virtually identical to the counterclaims that its predecessor-in-interest filed in the Illinois Action.

(3) Henry's Holdings does not dispute that the "first-to-file" rule applies.

(4) Litigating this action in this Court may give rise to rulings that are inconsistent with rulings in the Illinois Action.

(5) The parties in this case were prepared to provide for the substitution of Henry's Holdings as defendant in the Illinois Action, according to the unrefuted assertion of PMG. However, the Illinois Court continued the December 27, 2007 hearing at which that change was expected to be discussed.

(6) Henry's Holdings' argument that this action has progressed further than the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 08-00223 AHM (AGRx)     Date March 24, 2008

Title     HENRY'S HOLDING, LLC v. PRIVATE MANAGEMENT GROUP

Illinois Action is without merit. In the Illinois Action, the parties have appeared for at least two hearings, briefed a motion to dismiss, and moved to enjoin the California Action.

(7) Since this action will proceed in the Illinois court, Henry's Holdings can promptly file a motion for preliminary injunction. For this Court to rule on Henry's Holdings' motion for preliminary injunction in this action, which reflects some degree of forum-shopping by Henry's Holdings, would affect and possibly limit the power of the careful judge in the Illinois Action to assess the parties' respective rights and obligations.

(8) To the extent that Henry's Holdings is complaining about the briefing schedule in the Illinois Action, any delay in that action resulted from PMG's good faith and timely efforts to identify and amend the complaint to reflect the correct party defendant.

(9) There was nothing improper in PMG's filing an action in its home forum to determine its rights rather than wait for the owner of the trademarks at issue to file suit.

(10) The hastily prepared and incorrectly worded memorandum that PMG's local counsel filed in this case, stating that the Illinois Action is unrelated to this action, is of little significance. The lawyer in the Illinois Action never made that statement himself and it was a clear mistake that was not designed to mislead this Court.

     The foregoing facts warrant the Court's exercise of its discretion to transfer this action pursuant to the first-to-file rule. *See Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997) (Under the "first-to file" rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and

/
/
/

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00223 AHM (AGRx) | Date | March 24, 2008 |
|---|---|---|---|
| Title | HENRY'S HOLDING, LLC v. PRIVATE MANAGEMENT GROUP | | |

judicial economy."). Thus, the Court GRANTS PMG's motion[1] to dismiss, transfer or stay, TRANSFERS this action to the Northern District of Illinois and DENIES as moot Henry's Holdings' motion for preliminary injunction.[2]

Make JS-6

_____ Initials of Preparer _____

---

[1] Docket No. 18.

[2] Docket No. 5.

COPY

1   **EDWARD R. SCHWARTZ, CA Bar No. 147553**
    e-mail: ers@cph.com
2   **CHRISTIE, PARKER & HALE, LLP**
    350 West Colorado Boulevard, Suite 500
3   Post Office Box 7068
    Pasadena, California 91109-7068
4   Telephone: (626) 795-9900
    Facsimile: (626) 577-8800
5
    Attorneys for Plaintiff,
6   Henry's Holdings, LLC

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  HENRY'S HOLDINGS, LLC,              Case No. **CV08-00223 AHM (AGRx)**

12              Plaintiff,              **COMPLAINT FOR:**

13       vs.                            1. **TRADEMARK INFRINGEMENT;**
                                        2. **FALSE DESIGNATION OF**
14  PRIVATE MANAGEMENT GROUP,              **ORIGIN;**
                                        3. **CYBERSQUATTING; AND**
15              Defendant.              4. **COMMON LAW UNFAIR**
                                           **COMPETITION**
16

17  I.   **JURISDICTION AND VENUE.**

18       1.   This action arises under the Trademark Act of July 5, 1946, as amended,

19  commonly known as the Lanham Act, 15 U.S.C. § 1051 *et. seq.*, and common law of the State

20  of California.

21       2.   This Court has original subject matter jurisdiction over Plaintiff's federal claims

22  under 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over Plaintiff's

23  claim under California law pursuant to 28 U.S.C. § 1367.

24       3.   Defendant is doing business in this judicial district and is thus subject to

25  personal jurisdiction in this judicial district.

26       4.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

27  II.  **THE PARTIES:**

28       5.   Plaintiff Henry's Holdings, LLC is a limited liability company organized and

existing under the laws of the State of Delaware having a principal place of business at 660 Citadel Drive, Commerce, California 90044.

6. Defendant Private Management Group is a corporation organized and existing under the laws of the State of Nevada having a principal place of business at 40 Chicago Avenue, Suite 402, Chicago, Illinois 60610.

### III. FACTUAL BACKGROUND:

7. Plaintiff operates a grocery store chain which is generally known as Henry's Farmers Market ("HFM"). HFM is a chain of family friendly, authentic farmer's market stores offering a shopping experience reminiscent of produce stands and neighborhood butcher shops prevalent in the 1950s. HFM has been known for more than sixty years in San Diego County for its farm fresh produce, high quality vitamins and supplements and great tasting, all natural foods. Indeed, over the past decade or more, HFM has been known in the San Diego marketplace as one of the, if not the, top purveyor of high quality vitamins and supplements. Currently, there are thirty HFM stores in southern California.

8. Over the years, HFM has developed significant common law trademark and service mark rights in and to a variety of HENRY'S formative marks for use in connection with retail grocery store services as well as a variety of products sold through the retail stores. These marks include HENRY'S, HENRY'S MARKETPLACE, and HENRY'S MARKET. Products to which some or all of these marks have been attached include food supplements, namely vitamins, minerals, and herbal supplements. HFM's common law rights in its HENRY'S formative marks were all existing prior to 2002. These common law rights are now all owned by Plaintiff.

9. In addition to common law trademark and service mark rights, Plaintiff owns a number of federal trademark and service mark registrations, including:

    A. U.S. Service Mark Registration No. 2,784,309 for the mark "HENRY'S MARKETPLACE" for retail grocery store services and retail health food store services, filed October 3, 2002, claiming a first use date of the mark in commerce of May 31, 1997;

-2-

B. U.S. Service Mark Registration No. 2,794,653 for the mark "TRUST HENRY'S MARKETPLACE FOR LIFE" for use in connection with retail grocery store services and retail health food store services, filed July 12, 2002, claiming a first use date of the mark in commerce of February 28, 2000;

C. U.S. Trademark Registration No. 2,402,310 for the mark "HENRY'S MARKETPLACE" for vitamin and mineral supplements, filed April 15, 1997, claiming a first use date of the mark in commerce of January 18, 1999;

D. U.S. Trademark Registration No. 2,433,795 for the mark "HENRY'S MARKETPLACE and Design" for food supplements, namely vitamin, mineral and herbal supplements, filed September 30, 1997, claiming a first use date of the mark in commerce of January 18, 1999;

E. U.S. Trademark Registration No. 2,601,345 for the mark "HENRY'S MARKETPLACE and Design" for non-medicated skincare preparations, namely moisturizing creams and lotions, filed September 30, 1997, claiming a first use date of the mark in commerce of January 28, 2002; and

F. U.S. Service Mark Registration No. 3,023,486 for the mark "HENRY'S FARMER'S MARKET" for retail grocery, health food and vitamin store services and retail delicatessen services, filed September 29, 2004, claiming a first use date of the mark in commerce of at least as early as March 3, 2004.

10. Plaintiff or its predecessors in interest have advertised products and services offered under one or more of the HENRY'S formative marks through traditional media, as well as via Internet advertising. Plaintiff owns the following domain names through which Plaintiff has and continues to advertise goods and services offered under the various above-identified HENRY'S containing trademarks and service marks:

A. On October 21, 1997, the domain name henrysmarket.com was created. Since shortly after that date, the domain name has been associated with a web page on which goods and services offered under one or more of the HENRY'S marks have been displayed;

B. On October 7, 2002, the domain name henrysmarketplace.com was created. In March 2004, the domain name was transferred to a predecessor in interest of Plaintiff via an arbitration proceeding. Since shortly after March 2004, the domain name has been associated with a web page on which goods and services offered under the one or more of the HENRY'S marks have been displayed.

C. On September 30, 2002, the domain name henrysmarkets.com was created. Since shortly after that date, the domain name has been associated with a web page on which goods and services offered under the one or more of the HENRY'S marks have been displayed.

11. By late 2003, a predecessor in interest of Plaintiff, Wild Oats Markets ("WOM"), had decided to expand HFM's use of HENRY'S, deciding to begin use of HENRY'S FARMERS MARKET as an additional HENRY'S trademark/service mark in the first quarter of 2004.

12. On September 24, 2003, WOM hired Gary Rawlings ("Rawlings") to act as its Vice President of Marketing. In that position, Rawlings' essential responsibility was to lead WOM's marketing efforts, including formulating, recommending and implementing policies and programs in the areas of sales, pricing, market and product research, new product development and related activities, including working closely with the senior executive team to develop an overall marketing plan for all company businesses.

13. As Vice President of Marketing, Rawlings was well aware of WOM's plans to begin using the HENRY'S FARMERS MARKET trademark/service mark in early 2004. Indeed, Rawlings was ultimately responsible for developing a marketing plan that would use the HENRY'S FARMERS MARKET trademark/service mark.

14. WOM began using HENRY'S FARMERS MARKET as a trademark and service mark at least as early as March 3, 2004.

15. WMI filed a United States Federal Service Mark Application for HENRY'S FARMERS MARKET for use in connection with retail grocery, health food and vitamin store services and retail delicatessen services on September 29, 2004. That application matured into

CHRISTIE, PARKER & HALE, LLP

Registration No. 3,023,486 on December 6, 2005.

16. On June 9, 2004 Rawlings registered, in his own name, the domain name henrysfarmersmarket.com ("the HFM Domain Name").

17. By May 2006, available records showed that Defendant owned the HFM Domain Name.

18. Rawlings was not authorized by WOM to acquire in his own name the HFM Domain Name or to transfer that domain name to any third party such as Defendant.

19. Defendant has used and continues to use the HFM Domain Name to direct actual and potential customers of Plaintiff to Defendant's web site. That web site is located at the domain name PureHoodia-DietPills.com, a site which explains the alleged benefits of ingesting hoodia plant material and marketing products manufactured from that plant material.

20. Counsel for WOM contacted Defendant in April 2006, complaining that Defendant's use the HFM Domain Name violated WOM's preexisting rights. No response was received to that communication.

21. Counsel for WOM sent a formal cease-and-desist letter to Defendant on February 6, 2007, reiterating WOM's concerns and demanding that Defendant immediately transfer the HFM Domain Name to a related company of WOM. Defendant refused to voluntarily conduct the requested transfer.

### FIRST CLAIM FOR RELIEF

**(Unfair Competition Under Section 43(a) of the Lanham Act)**

22. Plaintiff incorporates paragraphs 1 through 21 as though fully set forth herein.

23. Defendant's acts complained of herein constitute use of a false designation of origin which is likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of goods offered by Defendant and through the HFM Domain Name, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendant's acts complained of herein also constitute an attempt to trade on the goodwill which Plaintiff and its predecessors have developed in and to their trademarks and service marks, all to the damage of Plaintiff.

24. Plaintiff has been damaged in an amount to be proven at trial. In addition,

-5-

1  Plaintiff and the public have generally been harmed irreparably by Defendant's actions and
2  there is no adequate remedy at law.

### SECOND CLAIM FOR RELIEF

### (Infringement of Registered Trademarks)

25. Plaintiff incorporates paragraphs 1 through 24 as though fully set forth herein.

26. Defendant continues to use the HFM Domain Name with full knowledge of Plaintiff's superior federally registered trademarks and service marks and with full knowledge that its unauthorized use of that Domain Name is likely to cause confusion, mistake or deception. Defendant's unauthorized use of HFM Domain Name thus constitutes trademark infringement in violation of § 32(a) of the Lanham Act, 15 U.S.C. § 1114(1).

27. Defendant's acts constitute willful and deliberate infringement and are in willful and wanton disregard of Plaintiff's established and superior rights. As a result of Defendant's unlawful actions, Plaintiff has suffered commercial harm in an amount to be determined at trial.

28. Plaintiff has also been, and continues to be, harmed irreparably by Defendant's unlawful actions and has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### (Violation of Anticybersquatting Consumer Protection Act)

29. Plaintiff incorporates paragraphs 1 through 28 as though fully set forth herein.

30. Defendant's HFM Domain Name contains Plaintiff's trademarks and service marks and is owned and used by Defendant without authority from Plaintiff or its predecessors.

31. Plaintiff's various trademarks and service marks identified above are distinctive and famous in the San Diego market, and were so at the time Defendant began using the HFM Domain Name.

32. The HFM Domain Name is confusingly similar to and dilutes some or all of Plaintiff's trademarks and service marks identified above.

33. Defendant's actions constitute a violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"), causing damage to Plaintiff.

34. Plaintiff and the public have generally been harmed irreparably by Defendant's

CHRISTIE, PARKER & HALE, LLP

actions and there is no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

35. Plaintiff incorporates paragraphs 1 through 34 as though fully set forth herein.

36. The actions of Defendant described above constitute unfair competition under the common law of the State of California.

37. Plaintiff is entitled to punitive damages against Defendant because Defendant's conduct has been oppressive, vexatious, intentional, willful, and in reckless disregard of Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Henry's Holdings, LLC ask this Court to:

A. Grant a permanent injunction restraining and enjoining Defendant and all those in privity, concert or participation with Defendant from:

    i. imitating, copying, duplicating or otherwise making use of any of Plaintiff's trademarks and service marks identified above or any mark confusingly similar to any of those marks;

    ii. using any false designation of origin or false description which can or is likely to lead the trade or public to mistakenly believe that any service or product advertised, promoted, offered or sold by Defendant is connected with, or sponsored, approved, endorsed or authorized by Plaintiff;

    iii. registering or using any domain name which includes any of Plaintiff's trademarks and service marks identified above or any mark confusingly similar to any of the trademarks and service marks identified above;

    iv. assisting, aiding, or abetting another person or business entity in engaging in or performing any of the activities enumerated in any of the above set forth paragraphs.

B. Find that Defendant has infringed Plaintiff's trademarks and service marks identified above in violation of federal and state law and has damaged Plaintiff's goodwill by

| | |
|---|---|
| 1 | the acts complained of herein. |
| 2 | C. Find that Defendant has violated the ACPA. |
| 3 | D. Find that the acts of Defendant constitute unfair competition under California |
| 4 | common law. |
| 5 | E. Order Defendant to immediately assign to Plaintiff the HFM Domain Name. |
| 6 | F. That Plaintiff be awarded actual damages and profits for violation of the ACPA |
| 7 | by Defendant in an amount to be determined at trial, or instead of actual damages and profits, |
| 8 | be awarded statutory damages in the amount of not less than $1,000 and not more than |
| 9 | $100,000. |
| 10 | G. That Plaintiff be awarded its actual damages resulting from Defendant's |
| 11 | trademark infringement and false designation of origin. |
| 12 | H. That Plaintiff be awarded Defendant's profits resulting from its acts of trademark |
| 13 | infringement and false designation of origin. |
| 14 | I. That the Court award Plaintiff its attorneys' fees and all costs and expenses of |
| 15 | litigation. |
| 16 | J. That the Court award Plaintiff its increased actual damages due to the willful |
| 17 | and wanton nature of Defendant's conduct. |
| 18 | K. That the Court award Plaintiff punitive damages. |
| 19 | L. That the Court award Plaintiff pre-judgment and post-judgment interest. |
| 20 | M. Grant Plaintiff such other and further relief as the Court may deem just, proper |
| 21 | and applicable under the circumstance. |

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

DATED: January 11, 2008      By _____
                             Edward R. Schwartz
                             Attorneys for Plaintiff,
                             Henry's Holdings, LLC

BLV PAS773354.1-*-01/11/08 3:42 PM

CHRISTIE, PARKER & HALE, LLP

-8-